## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HENRY TAYLOR (#95421)**                                **CIVIL ACTION NO.**

**VERSUS**                                                          **18-558-SDD-SDJ**

**NATHANIEL JOHNSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 24, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY TAYLOR (#95421)                                  CIVIL ACTION NO.

VERSUS                                                          18-558-SDD-SDJ

NATHANIEL JOHNSON, ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff Henry Taylor ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Nathaniel Johnson, Jonathan London, and Darrel Vannoy ("Defendants") alleging that a disciplinary proceeding arising from an allegation that Plaintiff groped the rear end of an LSP visitor was unfair.[1]  Plaintiff also alleges that Nathaniel Johnson falsified an investigative report related to the disciplinary proceeding, and Plaintiff complains that he was not allowed to see the video footage that he alleges would have exonerated him.[2]  It appears as though Plaintiff is attempting to allege he was denied due process throughout the disciplinary investigation and proceeding.[3]  Plaintiff seeks monetary and injunctive relief.[4]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[5]  Both statutes are intended

---

[1] R. Doc. 1, pp. 4-5.
[2] R. Doc. 1, pp. 4-5.
[3] R. Doc. 1, pp. 4-5.
[4] R. Doc. 1, p. 5.
[5] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless

to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[6] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[7] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[8] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[9] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[10]

An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved,[11] and there is no procedural due process right inherent in such a claim.[12] As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[13]

---

of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on March 19, 2019. (R. Doc. 5).

[6] *Denton*, 504 U.S. at 32-33.
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[8] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[10] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[11] *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007).
[12] Note, Plaintiff does not allege that any prison official drafted the alleged false disciplinary report; rather, Plaintiff alleges a non-prison official, LSP visitor Stephanie Brown, "fabricated" the disciplinary report. (R. Doc. 1, p. 4). Plaintiff has not attempted to make a claim regarding the filing of the disciplinary report. Rather, his allegations focus on the alleged mishandling of the investigation.
[13] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.[14]

This conclusion is equally applicable in the context of prison disciplinary proceedings.[15] Because Plaintiff's Complaint revolves solely around his dissatisfaction in the investigation and outcome of his prison disciplinary proceeding, Plaintiff has failed to state a claim upon which relief may be granted.[16] Accordingly, this matter should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

To the extent that Plaintiff's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[17] In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

---

[14] *Id*. at 373-74.

[15] *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

[16] *See also Fisher v. Wilson*, 74 F.App'x. 301 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees, he has failed to state a claim for violation of due process).

[17] 28 U.S.C. § 1367.

3

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[18]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

Signed in Baton Rouge, Louisiana, on July 24, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."